Lyle REETZ, Donald C. Reetz, and H. Richard Reetz, Plaintiffs and Appellees,

v.

Harmon P. BAUKOL, Warren Sewell, Bessie M. Fleischaker, and Betty J. Schlamann, Defendants and Appellants.

No. 12719.

Supreme Court of South Dakota.

Argued Nov. 15, 1979.

Decided Jan. 16, 1980.

James R. Delaney, of Holland, Delaney & Vander Linden, Webster, for plaintiffs and appellees.

Max A. Gors, Pierre, for defendants and appellants.

John J. Smith, Asst. Atty. Gen., Pierre, for amicus curiae; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

MORGAN, Justice.

The dispute in this injunctive proceeding arises over the proper interpretation of SDCL 46–4–1 relating to "dry draw" water rights. Appellants were the upper proprietors who constructed a dike to impede the flow of natural drainage of water down to appellees' lower premises. The trial court concluded that appellants violated the statute and granted the injunction. This appeal followed. We reverse.

The fact that the watercourse in question is a dry draw and drains a watershed area of from 900 to 1,000 acres is undisputed. The first question is the interpretation of SDCL 46–4–1 which provides:

Any person who may have or hold any possession, right, or title to any agricultural lands shall be entitled to the usual enjoyment of the waters of the streams or creeks within this state and, for any purpose may build and construct a dam across any dry draw, *not exceeding one hundred sixty acres in drainage area,* provided, that irrigation therefrom shall not interfere with domestic downstream use of water, *or for the purpose of directing flood waters for livestock purposes,* may build or construct dams across any dry draw or watercourse and shall have the right of way through and over any tract or piece of land for the purpose of conveying such water by means of ditches or flumes. This right shall exist without requiring said person to obtain any permit or permission from the water resources commission except for the filing of the location notice in the manner set forth in § 46–4–3. (emphasis added)

■ Appellants claim that the statute must be read in the disjunctive and, as so read, beginning with "or," their use is protected. Appellees contend that the statute is not in the disjunctive and that the purpose of directing flood water for livestock purposes is still limited by the 160-acre drainage area limitation. The State of South Dakota as amicus curiae joined in urging appellants' interpretation.

Most courts are reluctant to give a word or phrase in a statute a meaning other than normally attributed to it, especially when there are logical arguments to support a literal reading. *Board of Regents v. Carter,* 89 S.D. 40, 228 N.W.2d 621 (1975). Two arguments are proposed why the legislature intended to exempt dikes constructed for livestock purposes from the general acreage restriction. One is that livestock watering is a very low consumptive use of water. The second is that water for livestock is an absolute necessity in this state. We agree and hold that the statute should be read in the disjunctive.

■ The next question is whether the purpose of the appellants' dike can be classified as "for livestock purposes." The evi-

dence adduced discloses that the only livestock kept on the land by appellants are twelve to fifteen Arabian horses. For the most part, the land is part of the federal waterbank program and there is some evidence that appellants used the land to some extent for wildlife and recreational purposes. Since horses actually do use the water behind the dam for watering, we conclude that the terms of the statute are met.

We have examined the other issues raised by the parties and the State in their briefs and we do not find that they are pertinent to our disposition of this case.

Accordingly, we reverse the decision of the trial court and remand with instructions to dissolve the injunction.

All the Justices concur.